
DA 07-0479

IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 290N

STATE OF MONTANA,

        Plaintiff and Appellee,

  v.

KEITH WARREN SMITH,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Mineral, Cause No. DV 2007-011
Honorable Edward P. McLean, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

        Keith Warren Smith (Pro Se), Roundup, Montana

        For Appellee:

        Hon. Mike McGrath, Montana Attorney General, C. Mark Fowler,
Assistant Attorney General, Helena, Montana

        M. Shaun Donovan, Mineral County Attorney, Superior, Montana

Submitted on Briefs:  June 4, 2008

Decided:  August 13, 2008

Filed:

_____
             Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Keith Warren Smith (Smith), a self-represented litigant, appeals from his conviction in the Fourth Judicial District Court, Mineral County, for failing to adequately secure a load of cargo he was transporting on a commercial vehicle. We affirm.

¶3 On May 25, 2006, Officer Josh Coleman (Coleman), a Motor Carrier Services Officer employed by the Montana Department of Transportation, was weighing Smith's load at the Port of Entry at Haugen, Montana, when he directed Smith to pull his tractor-trailer over to the side. Coleman noticed eight pieces of structural steel had shifted backwards and were in danger of falling from the load. Coleman lifted up some of the loose pieces of steel and determined the cargo strap was not securing them. Coleman issued Smith a citation for violating § 61-10-154, MCA, Admin. R. M. 18.8.1502 (2006) and § 49 C.F.R. 393.1 for transporting an inadequately secured load.

¶4 Smith pled not guilty on June 26, 2006. In exchange for a continuance, Smith filed a waiver of speedy trial. Smith also moved to dismiss the charges based on several arguments, including that he had been denied his right to a speedy trial under

2

§ 46-13-401(2), MCA. The justice of the peace denied all of Smith's motions and he was convicted in justice court on January 18, 2007.

¶5 Smith appealed his conviction to District Court for a trial de novo, and moved for dismissal on a number of grounds which we rephrase as follows: 1) there was insufficient evidence and no scientific data to convict him; 2) the State violated his Fourth Amendment right because it lacked a search warrant to inspect his cargo; 3) he was not given a Miranda warning and statements he made at the time he was given the citation were used against him; 4) the State was granted a continuance based on an verbal, ex parte request; 5) his waiver of speedy trial was involuntary; and 6) he was denied equal rights when he was required to sign a waiver of speedy trial to secure a continuance, but the State was not required to waive prosecution to have the omnibus hearing rescheduled. Following oral argument, the District Court denied all of Smith's motions. The case was then tried de novo in District Court on July 10, 2007, and Smith was convicted upon a jury verdict.

¶6 Smith advances 16 issues on appeal. We decline to address those issues cured by trial de novo in district court. Generally, a trial de novo in a court of record provides a competent remedy which is sufficient to cure any error by the justice court. *City of Three Forks. v. Schillinger,* 2007 MT 331, ¶ 20, 340 Mont. 211, ¶ 20, 173 P.3d 681, ¶ 20. Further, we will not address those issues raised for the first time in this appeal.

¶7 We review de novo the grant or denial of a motion to dismiss in a criminal proceeding as such presents a question of law, and our review is plenary. *State v. Pyette,* 2007 MT 119, ¶ 11, 337 Mont. 265, ¶ 11, 159 P.3d 232, ¶ 11, citing *State v. McKee,* 2006

MT 5, ¶ 16, 330 Mont. 249, ¶ 16, 127 P.3d 445, ¶ 16.  We conclude the District Court did not err in denying Smith's pretrial motions.

¶8      As to his claim that the lack of a search warrant was fatal to the State's case, Smith waived his Fourth Amendment right regarding search of his tractor-trailer by driving a commercial vehicle subject to the Code of Federal Regulations, which authorizes inspections without a warrant.  (*See e.g.,* 49 C.F.R. §§ 396.9 & 396.17 (2005)).  Moreover, because Smith was not in custody when he was cited for infractions, he had no cognizable entitlement to Miranda rights.

¶9      Next, Smith contends that § 61-10-154, MCA, is void because the State lacks a device to measure the force securing a load.  Statutes are cloaked with a strong presumption of constitutionality.  Smith failed to prove beyond a reasonable doubt that the statute is unconstitutional. *State v. Michaud,* 2008 MT 88, ¶ 15, 342 Mont. 244, ¶ 15, 180 P.3d 636, ¶ 15.

¶10     Smith further contends that he was a victim of selective enforcement and thereby entitled to dismissal of the charges.  This claim, however, does not rise to constitutional proportions and Smith's argument fails.

¶11     Section § 46-13-401(2), MCA, requires that after a not guilty plea to a misdemeanor is entered, a defendant must be brought to trial in justice court within six months.  Dismissal is mandated unless the defendant has asked for a continuance and the State fails to show good cause for the delay. *State v. Bertolino,* 2003 MT 266, ¶ 13, 317 Mont. 453, ¶ 13, 77 P.3d 543, ¶ 13.  In this instance, not only did Smith waive his right to

a speedy trial, but he also requested and received a continuance. Finding Smith suffered no prejudice, the District Court did not err in denying Smith's motion to dismiss.

¶12 Smith next contends that he was entitled to a mistrial because during voir dire, the prosecutor showed the jury a photograph Coleman took of Smith's cargo which had not been admitted into evidence. Smith objected and the court sustained the objection; however, the photograph was later admitted into evidence. Because the photograph was ultimately admitted into evidence, a mistrial was not warranted.

¶13 Next, Smith contends the District Court abused its discretion by failing to allow him to be sworn and provide testimony in the pretrial hearing. In that hearing, Smith failed to unequivocally assert that he wanted to testify and instead argued his position to the court, rather than augmenting the record. It is not the province of the trial court to develop Smith's legal defense strategy for him. *See State v. Clausell,* 2001 MT 62, ¶ 48, 305 Mont. 1, ¶ 48, 22 P.3d 1111, ¶ 48.

¶14 We have determined to decide this case pursuant to Section I, Paragraph 3(d), of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. It is manifest on the face of the briefs and the record before us this appeal is without merit. These issues are controlled by settled Montana law that the District Court correctly interpreted.

¶15 Affirmed.

/S/ PATRICIA COTTER

5

We concur:

/S/ KARLA M. GRAY
/S/ JOHN WARNER
/S/ BRIAN MORRIS
/S/ W. WILLIAM LEAPHART